UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Colin Gerald Kline and Elisabeth Rose
Kline aka Elisabeth Rose Larsen

NOTICE OF HEARING AND
MOTION FOR RELIEF FROM
AUTOMATIC STAY

Debtors

Chapter 7, Case No. 10-32008

------------------------------------------

TO: Colin Gerald Kline and Elisabeth Rose Kline aka Elisabeth Rose Larsen, INCLUDING TRUSTEE AND OTHER INTERESTED PARTIES

1. U.S. Bank, N. A. as serviced by National Default Servicing Corporation, ("Movant"), by its attorneys, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 1:30 pm on June 16, 2010, in Courtroom 2B, 316 North Robert Street, St. Paul, MN 55101 or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and delivered not later than on June 11, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays and Holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FRBP Nos. 5005 and Local Rule 1070-1. This is a core proceeding. The Chapter 7 case was filed on March 24, 2010, and is now pending in this court.

5.	This motion arises under 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure 4001, and is filed under Federal Rules of Bankruptcy Procedure 9014 and Local Rules 1201-1215.  Movant requests relief with respect to the property of Debtors, subject to a mortgage to Movant.

6.	Debtors above-named are the owners of certain real property located at 845 Marshall Avenue, Saint Paul, MN 55104, legally described as follows, to-wit:

> Lot 13, except the Northerly 7 ½ feet thereof, in Block 4, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, Ramsey County, Minnesota according to the map or plat thereof on file or of record in the Office of the County Recorder in and for Ramsey County, Minnesota, and Lot 12, Block 4, except the West ½ thereof, and except the North 7 ½ feet thereof, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, according to the recorded plat thereof, Ramsey County, Minnesota

7.	The indebtedness of Colin Kline and Elisabeth Kline is evidenced by a Promissory Note and Mortgage dated August 5, 2005, filed of record in the Ramsey County Recorder's office on August 15, 2005, and recorded as Document No. 3879858.  Said mortgage was subsequently assigned to Movant.

8.	The Debtors have failed to pay monthly mortgage payments for September 1, 2009 and thereafter, and are in default in the amount of $14,754.10 together with reasonable attorneys fees and costs incurred pursuant to the note and mortgage.  Debtors have failed to make any offer of adequate protection.  Accordingly, Movant's interest is inadequately protected.

9.	The total amount due under the mortgage and note as of May 6, 2010 is $196,676.57.

10.	The Ramsey County Assessor's Office has estimated the value of the homestead as $145,900.00, and accordingly, Debtors have no equity in the premises and the property is not necessary to an effective reorganization

11. The Movant desires to protect its interest in the aforementioned property and requests the Court to vacate the stay of actions and allow foreclosure pursuant to Minnesota law.

12. The Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the debtors via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse after discharge unless included in a reaffirmation agreement.

13. By reason of the foregoing, Movant is entitled to have the automatic stay lifted and vacated so it can recommence the mortgage foreclosure action pursuant to Minnesota Statutes.

WHEREFORE, Movant by its undersigned attorney, moves the Court for an Order that the automatic stay provided by 11 U.S.C. Section 362 (A) be terminated to permit Movant to foreclose its mortgage on the subject property, and for such other and further relief as may be just and equitable.

Dated: May 24, 2010

          USSET, WEINGARDEN & LIEBO, P.L.L.P

By:   /E/ Paul A. Weingarden/Brian H. Liebo
      Paul A. Weingarden, #115356
      Brian H. Liebo #277654
      Attorney for Movant
      4500 Park Glen Road, #300
      Minneapolis, MN 55416
      (952) 925-6888

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Colin Gerald Kline
and Elisabeth Rose Kline
aka Elisabeth Rose Larsen
    Debtors

Chapter 7
Case No. 10-32008

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF

I, Lisa Rogers being first duly sworn on oath, deposes and states:

1. I am an Director of Default Services for National Default Servicing Corporation, as authorized servicing agent for US Bank, N.A., ("Movant"), and hereby make this Affidavit in such capacity.

2. I have reviewed the account records relating to the debtor's mortgage loan, account ending in 1985 covering the real property located at 845 Marshall Avenue, Saint Paul, Minnesota 55104 in Ramsey County, legally described as follows:

   > Lot 13, except the Northerly 7 ½ feet thereof, in Block 4, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, Ramsey County, Minnesota according to the map or plat thereof on file or of record in the Office of the County Recorder in and for Ramsey County, Minnesota, and Lot 12, Block 4, except the West ½ thereof, and except the North 7 ½ feet thereof, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, according to the recorded plat thereof, Ramsey County, Minnesota

3. Movant is the holder of a mortgage on the above described property in which debtor has an interest. The indebtedness of debtor(s) is secured by the mortgage, which is dated August 5, 2005 executed by the original mortgagor(s), Colin Gerald Kline and Elisabeth Rose Kline in the original principal amount of $194,068.00. A true and correct copy of the Mortgage is attached to this Affidavit as Exhibit A.

4. A true and correct copy of the Note is attached to this Affidavit as Exhibit B.

5. The mortgage was subsequently assigned to US Bank, N.A. A copy of that assignment is attached to this Affidavit as Exhibit C.

6. The 2009 tax-assessed value of the property is $145,900.00. An on-line print-out of the county tax page for the property is attached to this Affidavit as Exhibit D.

7. The loan history, indicating all advances made to or charges of any kind made against the debtor(s) beginning on the date of the default applicable to this motion, is provided on Local Form 4001-1 attached to this Affidavit as Exhibit E.

8. Debtor(s) are delinquent on obligations to Movant in that Debtor(s) failed to make their installment payments when due and owing pursuant to the terms of the above-described Note and Mortgage.

9. That as of May 6, 2010, the following amounts were owing on this account:

| | | |
|---|---|---|
| Unpaid Principal: | $ | 183,272.19 |
| Interest through 6/1/10 | $ | 8,781.80 |
| Attorney's Fees | $ | 550.00 |
| BK Filing Fee | $ | 150.00 |
| FCL Fees/Costs: | $ | 1,831.25 |
| Late Charges: | $ | 226.50 |
| Escrow Advance: | $ | 1,575.61 |
| ProRata | $ | 149.22 |
| Property Inspections: | $ | 140.00 |
| TOTAL | $ | 196,676.57 |

10. This Affidavit is given in support of the motion of US Bank, N.A., its successors, and/or assigns, for relief from the automatic stay.

National Default Servicing
Corporation as authorized
servicing agent for US Bank, N.A.

By: [signature]

Its: Director of Default Services

Subscribed and sworn to before me this 19th day of Mary 2010.

[signature]
Notary Public

Pamela Cardy
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
JUNE 8, 2011

Document# 3879858
Recorded 08/15/2005 0900
County Recorder, Ramsey County, MN
Mortgage Registration Tax Paid 465.76 09/27/2005
6.3.2 57624V

State of Minnesota     RETURN TO **MORTGAGE**
                       METRO LEGAL'S BOX

Min:

Recordation Requested by:
SUMMIT MORTGAGE CORPORATION, A MINNESOTA CORPORATION
605 N. HWY 169 SUITE 700
PLYMOUTH, MN 55441

Metro Legal Services Box 5
EDIRET 480567 A
487783 MTG 377314

When Recorded Mail to:

THIS MORTGAGE ("Security Instrument") is given on    AUGUST 05, 2005   . The mortgagor is
COLIN GERALD KLINE & ELISABETH ROSE KLINE, HUSBAND AND WIFE.

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (soley as nominee
for Lender, as hereafter defined, and Lender's successors and assigns), as beneficiary. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of
P.O. Box 2026, Flint, MI 28501-2026, tel. (888) 679-MERS.
SUMMIT MORTGAGE CORPORATION, A MINNESOTA CORPORATION

which is organized and existing under the laws of    MINNESOTA   , and whose
address is    605 N. HWY 169 SUITE 700
           PLYMOUTH, MN 55441
ONE HUNDRED NINETY-FOUR THOUSAND SIXTY-EIGHT AND 00/100    ("Lender"). Borrower owes Lender the principal sum of
                                                                                                                                                                  (U.S. $    194,068.00   ).
This debt is evidenced by Borrower's note the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on    SEPTEMBER 01, 2035    and for interest at
the yearly rate of    5.750    percent. This Security Instrument secures to Lender:(a)the repayment of the
debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all
other sums, withinterest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the
performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower

MINNESOTA - Single Family - FHA SECURITY INSTRUMENT - 1/96
Loan    144KW05064-00                Page 1 of 6                Form A30061MN    Initials:

35.29.23.43.0142                Exhibit A

does hereby mortgage, grant and convey to        MERS (solely as nominee
for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with the
power of sale, the following described property located in        RAMSEY        County, Minnesota:
SEE ATTACHED

which has the address of
**845 MARSHALL AVENUE**
**SAINT PAUL**
[Street, City],        ("Property Address");        Minnesota  55104
                                                                 [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees
that MERS holds only legal title to the interest granted by Borrower in this Security Instrument:
but, if necessary to comply with law or custom, MERS ( as Nominee for Lender and Lenders Successors
and assigns) has the right to exercise any or all of those interests and, including, but not
limited to, the right to foreclose and sell Property; and to take any action required of
of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payments of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum of (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds".

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b) and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b) and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First,</u> to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

<u>Second,</u> to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third,</u> to interest due under the Note;

<u>Fourth,</u> to amortization of the principal of the Note; and

Loan: 144KW05064-00        Page 2 of 6        Form A30062MN        Initials

Exhibit A

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

☐ Condominium Rider  ☐ Growing Equity Rider
☐ Graduated Payment Rider  ☐ Planned Unit Development Rider
☒ Other(s) [specify]

**TAX-EXEMPT RIDER**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses :

_____ (Seal)
ELISABETH ROSE KLINE
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
COLIN GERALD KLINE
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

This Mortgage was drafted by:
SUMMIT MORTGAGE CORPORATION, A MINNESOTA CORPORATION
605 N. HWY 169 SUITE 700
PLYMOUTH, MN 55441

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF   MINNESOTA       )
                           ) SS
COUNTY OF  RAMSEY          )

On this day before me, the undersigned Notary Public, personally appeared
**COLIN GERALD KLINE & ELISABETH ROSE KLINE, HUSBAND AND WIFE.**

, to me known to be the individual(s) described in and who executed the Mortgage, and acknowledged that he/she/they signed the Mortgage as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this  5TH  day of  AUGUST, 2005

By _____    Residing at

Notary Public in and for the State of        My commission expires

**KAREN RIGGS**
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

Loan  144KW05064-00          Page 6 of 6          Form A30066MN

# EXHIBIT A

Lot 13, except the Northerly 7 ½ feet thereof, in Block 4, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, Ramsey County, Minnesota according to the map or plat thereof on file or of record in the Office of the County Recorder in and for Ramsey County, Minnesota, and Lot 12, Block 4, except the West ½ thereof, and except the North 7 ½ feet thereof, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, according to the recorded plat thereof, Ramsey County, Minnesota

Loan No. [REDACTED]

# NOTE

February 27, 1998            ORANGE                    CA
[Date]                       [City]                    [State]

2117 87TH TRAIL
BROOKLYN PARK, MN 55443
[Property Address]

1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 110,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
**AMERIQUEST MORTGAGE COMPANY**
. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 9.000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on April, 1998. I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on March 1, 2028, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 505 SOUTH MAIN STREET, STE. 6000
ORANGE, CA 92868 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 885.09 .

4. BORROWER'S RIGHT TO PREPAY

I may repay this Note in part or in full at any time. If I prepay this loan in full within forty-two (42) months from the date of this Note, I agree to pay the Note Holder a prepayment penalty of the lesser of two percent (2%) of the unpaid principal balance or sixty (60) days interest on the unpaid principal balance.

5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

FIXED RATE NOTE - MINNESOTA

Page 1 of 2

(41401MN.frm)9/97 / 41400141MN(9/97)

WE HEREBY CERTIFY THIS
TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL.
BY: _____
AMERIQUEST MORTGAGE COMPANY

Exhibit B

(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(signature)_____ (Seal)  _____ (Seal)
JOSEPH A BURNETT          -Borrower                              -Borrower
SSN: [redacted]                       SSN:

_____ (Seal)  _____ (Seal)
                          -Borrower                              -Borrower
SSN:                                  SSN:

WE HEREBY CERTIFY THIS       [Sign Original Only]
TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL.
BY: _____
AMERIQUEST MORTGAGE COMPANY

4140014 (9810)
41400142 (REV 3/97)TS                Page 2 of 2

Document# 4205831
Recorded 02/02/2010 1000
County Recorder, Ramsey County, MN
6.1.4 483655

ASSIGNMENT OF MORTGAGE

Date: January 18, 2010

**FOR VALUABLE CONSIDERATION**, Mortgage Electronic Registration Systems, Inc., a corporation under the laws of Delaware, Assignor, hereby sells, assigns, transfers to U.S. Bank, N.A., Assignee, 4801 Frederica Street, Owensboro, KY 42301, the Assignor's interest in the Mortgage dated August 5, 2005, executed by Colin Gerald Kline and Elisabeth Rose Kline, husband and wife as mortgagor(s) to Mortgage Electronic Registration Systems, Inc. as mortgagee, filed for record in the office of the County Recorder of the County of Ramsey and State of Minnesota, on August 15, 2005, and recorded as Document No. 3879858, together with all right and interest in the land therein described, and in the note and obligations therein specified, and to the debt thereby secured.

1 /2

Return to:
Usset
19-709

Exhibit C

Assignor covenants with Assignee, its successors and assigns, that Assignor has good right to sell, assign, and transfer the same.

Mortgage Electronic Registration Systems, Inc.

By: _____

Its: <u>Gregg W Speer, Vice President</u>

STATE OF   Kentucky         )

COUNTY OF  Daviess          )

The foregoing instrument was acknowledged before me this 23 day of <u>January</u>, 2010, by <u>Gregg W Speer</u> the <u>Vice President</u> of Mortgage Electronic Registration Systems, Inc., a corporation under the laws of Delaware, on behalf of the corporation.



_____
(SIGNATURE OF PERSON TAKING ACKNOWLEDGMENT)

THIS INSTRUMENT WAS DRAFTED BY:
USSET, WEINGARDEN, & LIEBO, P.L.L.P
4500 Park Glen Road #300
Minneapolis, MN 55416
(952) 925-6888
19-709

## Parcel Data for Taxes Payable 2010

| | |
|---|---|
| **Property ID:** | 14-119-21-42-0017 |
| **Address:** | 2117    87TH TR N |
| **Municipality:** | **BROOKLYN PARK** |
| **School Dist:** | 011            **Construction year:** 1986 |
| **Watershed:** | 0                  **Approx. Parcel Size:** N 76X150X60X150 |
| **Sewer Dist:** | |
| **Owner Name:** | WELLS FARGO BANK N A |
| **Taxpayer Name & Address:** | WELLS FARGO BANK N A<br>6501 IRVINE CENTER DR<br>IRVINE CA 92618 |

## Most Current Sales Information

Sales prices are reported as listed on the Certificate of Real Estate Value and are not warranted to represent arms-length transactions.

| | |
|---|---|
| **Sale Date:** | December, 1988 |
| **Sale Price:** | $131,000 |
| **Transaction Type:** | Contract For Deed |

## Tax Parcel Description

| | |
|---|---|
| **Addition Name:** | BROOK OAKS 2ND |
| **Lot:** | 004 |
| **Block:** | 005 |
| **Metes & Bounds:** | |
| **Abstract or Torrens:** | ABSTRACT |

## Value and Tax Summary for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

| | |
|---|---|
| **Estimated Market Value:** | $227,800 |
| **Taxable Market Value:** | $227,800 |
| **Total Improvement Amount:** | |
| **Total Net Tax:** | $3,144.59 |
| **Total Special Assessments:** | $465.83 |
| **Solid Waste Fee:** | |
| **Total Tax:** | $3,610.42 |

## Property Information Detail for Taxes Payable 2010
### Values Established by Assessor as of January 2, 2009

**Values:**

| | |
|---|---|
| **Land Market** | $63,000 |
| **Building Market** | $164,800 |
| **Machinery Market** | |
| **Total Market:** | $227,800 |
| **Qualifying Improvements** | |
| **Veterans Exclusion** | |

**Classifications:**

| | |
|---|---|
| **Property Type** | RESIDENTIAL |
| **Homestead Status** | HOMESTEAD |
| **Relative Homestead** | |
| **Agricultural** | |
| **Exempt Status** | |

Exhibit D

Kline    **Local Form 4001-1**

**Loan History.** Begin loan history from the date of the first default related to the current default amount that is claimed in the motion.

| Date | Amount Rec'd From Debtor(s) | CHARGES | | | | Description of other Charges |
|---|---|---|---|---|---|---|
| | | Monthly Amount Due Principle/Interest | Monthly Amount Due Escrow | Amount Due Late Fees | Amount Due Other Charges* | |
| 9/1/2009 | | $1,132.53 | $283.72 | $56.65 | | |
| 10/1/2009 | | $1,132.53 | $283.72 | $56.65 | | |
| 11/1/2009 | | $1,132.53 | $283.72 | $56.65 | | |
| 11/19/2009 | | | | | $20.00 | property inspection |
| 12/1/2009 | | $1,132.53 | $283.72 | $56.65 | | |
| 12/15/2009 | | | | | $20.00 | property inspection |
| 1/1/2010 | | $1,132.53 | $283.72 | | | |
| 1/15/2010 | | | | | $20.00 | property inspection |
| 2/1/2010 | | $1,132.53 | $283.72 | | | |
| 2/4/2010 | | | | | $20.00 | property inspection |
| 3/1/2010 | | $1,132.53 | $283.72 | | | |
| 3/10/2010 | | | | | $20.00 | property inspection |
| 3/23/2010 | | | | | $1,681.25 | FCL Fees/Costs |
| 4/1/2010 | | $1,132.53 | $283.72 | | | |
| 5/1/2010 | | $1,132.53 | $283.72 | | | |
| TOTALS | $0.00 | $10,192.77 | $2,553.48 | $226.60 | $1,781.25 | |
| | (a) | (b) | (c) | (d) | (e) | |

* Any "Other Charge" must be described, itemized by amount and allowed under note and/or mortgage (e.g., inspection fee, appraisal fee, insurance, taxes, etc.)

**Note: Column (b) + (c) + (d) + (e) - (a) must equal the current default amount that is claimed in the motion.**

Attorneys fees and filing fee for the motion, if allowed under
note and/or mortgage and sought by Movant to resolve motion      $700.00

Current Default Amount Claimed in the Motion      $14,754.10

Escrow Balance (amounts held for payment of taxes, insurance, etc.      _____

Exhibit E

Suspense Account Balance (amount of unapplied payments) _____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Colin Gerald Kline and Elisabeth Rose
Kline aka Elisabeth Rose Larsen

MEMORANDUM OF LAW

Debtors

Chapter 7, Case No. 10-32008
-----------------------------------------

U.S. Bank, N. A. as serviced by National Default Servicing Corporation, ("Movant"), submits this memorandum of law in support of its motion for relief from the stay in the above-entitled matter.

## FACTS

Movant holds a valid, perfected mortgage on real property owned by the Debtors. On the date of filing, the Debtors were delinquent under the note and mortgage. Since this case was filed Debtors have made no payments to Movant and the arrears total $14,754.10.

## ARGUMENT

1. Under Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such creditor." The Debtors in this case have failed to make payments required by the note and mortgage for a period of more than nine (9) months. Debtors have not otherwise provided Movant with adequate protection of its interest in the property. Such circumstances constitute cause, within the meaning of §362(d)(1), justifying relief from the stay. In Re: Video East, Inc., 41 B.R. 176 (Bkrtcy. E.D. Pa. 1984); In Re: Frascatore, 33 B.R. 687 (Bkrtcy. E.D. Pa. 1983).

2. Pursuant to §362(d)(2) of the Bankruptcy Code, relief from the stay is appropriate where Debtors have no equity and the property is not necessary to an effective reorganization.

11 U.S.C. §362(d)(2).  See, In Re:  Gellert, 55 B.R. 970 (Bkrtcy. D. N. H. 1983).  In this case the balance due Movant is $196,676.57.  The value of the property is approximately $145,900.00.  Clearly, the Debtors have no equity in the property, and as this is a Chapter 7 case, the property is not necessary to an effective reorganization.

## CONCLUSION

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) for cause, where its interest in the secured property is not adequately protected.  Movant is also entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) when Debtors have no equity, and when the property is not necessary to an effective reorganization.

Movant respectfully requests an Order of this Court modifying the automatic stay consistent with the attached proposed Order.

Dated:  May 24, 2010

           USSET, WEINGARDEN & LIEBO, P.L.L.P

       By:   /E/ Paul A. Weingarden/Brian H. Liebo
          Paul A. Weingarden, #115356
          Brian H. Liebo #277654
          Attorney for Movant
          4500 Park Glen Road, #300
          Minneapolis, MN 55416
          (952) 925-6888

U.S. BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Colin Gerald Kline and Elisabeth Rose
Kline aka Elisabeth Rose Larsen

UNSWORN DECLARATION
FOR PROOF OF SERVICE

Debtors

Chapter 7, Case No. 10-32008
----------------------------------

Alysa Nagan, employed on this date by USSET, WEINGARDEN & LIEBO, attorney(s) licensed to practice law in this court, with office address of Suite 300, 4500 Park Glen Road, Minneapolis, Minnesota 55416, declares that on May 24, 2010, I served the annexed Notice of Hearing and Motion for Relief from Automatic Stay upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Colin Kline
Elisabeth Kline
845 Marshall Avenue
Saint Paul, MN 55104

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Patti J. Sullivan, Chapter 7 Trustee

Timothy Theisen, Esq.

/E/ Alysa Nagan
Alysa Nagan

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------
In Re:

Colin Gerald Kline and Elisabeth Rose
Kline aka Elisabeth Rose Larsen

ORDER

Debtors.

Chapter 7, Case No. 10-32008
------------------------------

This case came before the court on the motion of U.S. Bank, N. A. as serviced by National Default Servicing Corporation, pursuant to 11 U.S.C. section 362 on June 16, 2010, at the U.S. Bankruptcy Court, St. Paul, Minnesota.

IT IS ORDERED:

The automatic stay imposed by 11 U.S.C. 362 is terminated as to the real property over which the movant, its successors and assigns, has an interest under mortgage document no. 3879858, said property legally described as follows:

> Lot 13, except the Northerly 7 ½ feet thereof, in Block 4, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, Ramsey County, Minnesota according to the map or plat thereof on file or of record in the Office of the County Recorder in and for Ramsey County, Minnesota, and Lot 12, Block 4, except the West ½ thereof, and except the North 7 ½ feet thereof, Edwin Dean's Subdivision of part of Smith and Lott's Outlots to the City of St. Paul, according to the recorded plat thereof, Ramsey County, Minnesota

The movant, its successors and assigns, may proceed to foreclose the mortgage in accordance with Minnesota Statutes. Notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3), this order is effective immediately.

Dated:

Dennis D. O'Brien
United States Bankruptcy Judge